UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE WILLIAMS-WAGNER
and TODD WAGNER,                          Case No. 2:25-cv-10447

           Plaintiffs,                HONORABLE STEPHEN J. MURPHY, III

v.

TRIA INSPIRED AMERICAN
CUISINE, et al.,

           Defendants.

_____/

**OPINION AND ORDER GRANTING**
**MOTION TO AMEND [19] AND REMANDING CASE**

In May 2023, Plaintiffs Stephanie Williams-Wagner and Todd Wagner celebrated their wedding at the Henry Hotel. ECF 1-2, PageID.14. During and after the festivities, guests got sick, *see id.*, and Plaintiffs sued Defendants in state court on behalf of a putative class and raised state-law claims. *Id.* at PageID.13, PageID.17–18. Defendants removed the case to federal court because complete diversity existed between the parties—Plaintiffs are Michiganders, and Defendants are not—and the amount in controversy exceeded $75,000. ECF No. 1, PageID.3–4. Shortly after removal, however, Plaintiffs sought limited discovery into the identities of some of the employees at the wedding venue on the night in question, which the Court allowed. ECF No. 11. Plaintiffs then moved to amend their complaint to add the employees as defendants. ECF No. 19.

1

Discovery revealed that the employees are Michiganders. ECF No. 19-8, PageID.519–520. So, adding them as defendants destroys complete diversity, and thus, the Court's jurisdiction. Defendants accordingly objected. Nevertheless, the Court will grant leave to amend and remand the case.

At the outset, the Court will dispel Defendants' belief that the employees are "not proper defendants" because there is no allegation "that they did anything outside the scope of their employment." ECF No. 22, PageID.647. True, Michigan law supports vicarious liability against employers for the actions of their employees taken within the scope of the employment relationship. *Hamed v. Wayne County*, 490 Mich. 1, 10–11 (2011). But that does not mean that Plaintiffs are barred from asserting claims against both employer and employee, and Defendants cited no law to suggest a rule of that sort. In Michigan "a plaintiff may elect to sue the principal alone, or to sue the principal and the agent together," *see Grimmer v. Lee*, 310 Mich. App. 95, 101 (2015), and it is commonplace to sue both. *See, e.g.*, *Mercurio v. Huntington Nat'l Bank*, 347 Mich. App. 662 (2023) (joining both employer and employee). The proposed amendment does not suggest fraudulent joinder.

Next, the Court generally considers the following factors to determine whether to allow an amendment: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

- First, there is no undue delay. Plaintiffs moved to amend shortly after they acquired the information necessary to add the new parties. *See* ECF No. 19; ECF No. 19-9, PageID.522–523.

- Second, Defendants have been on notice of the proposed amendment since the Plaintiffs asked for the employees' information in advance of the motion for limited discovery. ECF No. 11, PageID.123.

- Third, the Court sees no basis to find "bad faith." It is normal practice to sue both employee and employer for an employee's negligence. *Grimmer*, 310 Mich. App. at 101. Plaintiffs apparently did not have the names at the time they wrote their first complaint because the names were not included in the Wayne County Health Department Report. ECF No. 19, PageID.451.

- Fourth, the amendment is not focused on curing deficiencies but rather on adding all possible defendants.

- Fifth, Defendants are not prejudiced because litigation has barely begun, and the Court will not entertain the haughty assertion that litigating in state court is prejudicial solely because it is a state forum.

- And sixth, the amendment would not necessarily be futile.

The Sixth Circuit's traditional test for allowing an amendment strongly favors granting the motion.

Defendants invoked another test that some courts apply when the only basis for subject matter jurisdiction is the parties' diversity of citizenship, and the plaintiff

seeks to join a non-diverse party. The test assesses how much the amendment is designed to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (non-binding as a standalone unpublished opinion); *accord. Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 769 (5th Cir. 2016); *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *see generally* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). And courts often consider defendants' interests in litigating in a federal forum. *Villarreal*, 814 F.3d at 769.

The Court is concerned with the prudence of any judicially created test that pushes federal courts to exercise their discretion to cling to jurisdiction over state-law cases. The Supreme Court recently observed that, even when a court has supplemental jurisdiction over a predominately state-law case, but discretion not to exercise jurisdiction, the court "ordinarily should kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (citation modified). Here, the Court has diversity jurisdiction, but Plaintiffs asked the Court to exercise its discretion to destroy it. It is not clear why the Court should exercise its discretion to decline supplemental jurisdiction any differently than it would exercise its discretion

4

to allow an amendment that functionally declines (by destroying) diversity jurisdiction. In both contexts, "federal law is not where the real action is," so the controversy should presumptively proceed in state court. *Id.*

Moreover, it is axiomatic that Plaintiffs are the masters of their complaints. *Id.* at 35. Courts thus generally provide solicitude to *plaintiffs'* choice of forum. *Id.*; *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations)."). Although removal is a statutorily created limitation on the plaintiff's choice of forum, it is not clear why removal should alter the traditional permissive test for amending a federal pleading once the case arrives in federal court.

The Court sees no textual basis to apply a presumptively anti-amendment test post removal. The Federal Rules take a permissive approach to amendment and joinder. Fed R. Civ. P. 15 ("The court should freely give leave when justice so requires."); Fed. R. Civ. P. 20 ("Persons . . . *may* be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative . . . .") (emphasis added). The removal statute is equally permissive and does not suggest that joining "additional defendants whose joinder would destroy subject matter jurisdiction," is implicitly disfavored. 28 U.S.C. § 1447(e). And 28 U.S.C. § 1332 further provides only a limited basis for jurisdiction and implicitly disclaims the notion that diverse defendants have an overriding interest in a federal forum when, as here, non-diverse defendants are in the picture. Importantly, the

Court has no doubt that Michigan courts are capable of fairly and efficiently adjudicating Michigan state-law claims against a company that serves Michiganders from a venue that it owns and operates in Michigan. Even applying the test, the Court would nonetheless grant the motion.

*First*, one purpose of Plaintiffs' proposed amendment may well be to defeat federal jurisdiction. For many jurists, that alone would doom Plaintiffs motion. *See, e.g.*, *Sanchez ex rel. Gomez v. Target Corp., LLC*, No. 2:21-cv-00058, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021). Not here. Although joining the employees will destroy diversity jurisdiction, joining employer and employee in one suit is not strange. *Grimmer*, 310 Mich. App. at 101 (noting that "a plaintiff may elect to sue the principal alone, or to sue the principal and the agent together"). Plaintiffs almost certainly would have included the employees in their initial complaint had they known the employees' identities.

Defendants argued that Plaintiffs have nothing to gain from adding the employees aside from destroying complete diversity. Not so. Plaintiffs may benefit by both increasing the available pool of money and streamlining discovery.

Although Defendants may have deep pockets, *see* ECF No. 22, PageID.647, the Court has no basis to conclude that the venue has sufficient funds to fully carry any award that may be owed to a large class of plaintiffs. Removing potentially liable parties undoubtedly removes some amount of compensation from the table in this putative class action. Defendants retorted that allowing joinder of the employees

might inconvenience the employees. ECF No. 22, PageID.651. But putative tortfeasors are not immune from suit because suit might inconvenience them.

Also, validly joining the employees may serve to facilitate discovery of the claims here because both Michigan law and federal law make discovery easier against parties to the case. *See* Fed. R. Civ. P. 26 (outlining a party's duty to disclose); Mich. Ct. R. 2.302(A)(1) (requiring parties to provide initial and continuing disclosures); Mich. Ct. R. 2.305(A) (imposing additional burdens on discovery subpoenas directed to third parties). At worst, the factor is neutral.

*Second*, Plaintiffs have not been dilatory. Plaintiffs announced their intent to add the employees as defendants shortly after Defendants removed the case, *see* ECF No. 22, PageID.651 (admitting in Defendants' brief that "[f]rom the time that the case was removed to Federal Court, Plaintiff's counsel has attempted to remove it back to state court"), sought early discovery to facilitate a timely remand, *see* ECF No. 11, and sought to amend their complaint within a reasonable amount of time after receiving the information necessary to do so. ECF No. 19. The present action is not a case in which Plaintiffs had all the information necessary to add the employees and elected not to. *See, e.g.*, *Bailey*, 563 F.3d at 309 (finding relevant plaintiff's knowledge of the non-diverse parties). Instead, Plaintiffs lacked the requisite information, and Defendants were not entirely forthcoming with it. ECF No. 19-9, PageID.522–523.[1] The factor favors granting the motion.

---

[1] Defendants characterized their decision to initially withhold the addresses of the employees from their response to Plaintiffs' interrogatory as "advocacy." ECF No. 22, PageID.639. But the Court authorized Plaintiffs to seek the employees' addresses, *see*

*Third*, at this early stage, the Court cannot conclude that Plaintiffs would or would not be injured by remand beyond the reasons that a plaintiff might seek remand discussed above. But Defendants have not shown any reason to believe they will be inconvenienced in *any way* by remand. The factor is neutral.

In view of the foregoing, the Court concludes that Plaintiffs may amend their complaint. As a result, the complete diversity requirement of § 1332(a) fails and the Court sees no other basis for federal subject matter jurisdiction. So, it must remand the case under 28 U.S.C. § 1447. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' Motion to Amend/Correct Complaint [19] is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the Third Judicial Circuit Court for the County of Wayne, Michigan.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 7, 2025

---

ECF No. 14, PageID.297, and the interrogatory tracked the Court's authorization. ECF No. 19-7, PageID.515. It is not permissible "advocacy" for attorneys to decline full compliance with court-ordered interrogatories without further prompting from their opponent. That lapse suggests that the equities also support remand.